UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Giovanni Veliz,

                 Plaintiff,

                                      Civ. No. 07-2376 (RHK/JJK)
                                      **ORDER**

v.

City of Minneapolis and the Minneapolis
Police Department,

                 Defendants.

---

      This matter is before the Court *sua sponte*.  In accordance with the Court's July 23, 2008 Notice of Trial and Schedule for Submission of Trial Materials, the parties were required to serve and file several documents on or before September 15, 2008, including "[a]ll documents to be submitted for trial as required by Local Rule 39.1(b)."  (Doc. No. 48.)  One such document is a witness list containing "a short statement of the substance of the expected testimony of each witness."  D. Minn. L.R. 39.1(b)(1)(C).

      Defendants have filed a proposed witness list that in many places indicates the knowledge a witness purports to possess, without actually discussing the substance of the testimony that the witness intends to provide at trial.  (See, e.g., Doc. No. 82 at 3 (indicating that Assistant Chief Sharon Lubinski was "[i]nvolved in the decision not to transfer Plaintiff to DEA position and MGSF position.  Involved in decision to terminate Sergeant Whitman.").)  In other instances, Defendant's witness list provides broad, generalized topics of testimony, such as "duties and training on the Minneapolis Police

Department." (Id. at 1.)  Simply put, Defendants have failed to apprise the Court of the "substance" of their proposed witnesses' testimony.  In addition, Plaintiff has filed a proposed witness list that nowhere mentions the subject(s) of *any* of his witnesses' testimony.

Based on the foregoing, **IT IS ORDERED** that the parties shall serve and file revised witness lists on or before October 1, 2008, containing *narratives* of the testimony their witnesses intend to provide at trial.  Trial counsel shall further **CERTIFY** that he/she has personally conferred with each identified witness and that counsel believes such witnesses will testify in conformance with the narratives provided to the Court.  Any topics not addressed in the narratives may be excluded by the Court at trial.

The Court takes this opportunity to inform the parties, subject to hearing from them at the Final Pretrial Conference scheduled for October 3, 2008, that it intends to allocate five days for the evidentiary portion of the trial – that is, not including time spent on jury selection or jury deliberation.  The parties should confer concerning the aforementioned time limitation and how they believe that time should be allocated between them, and be prepared to discuss those topics at the Final Pretrial Conference.

Dated: September 22, 2008                    s/Richard H. Kyle
                                                                                                RICHARD H. KYLE
                                                                                                 United States District Judge