# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Giovanni Veliz,

                Plaintiff,

                                  Civ. No. 07-2376 (RHK/JJK)
                                  **ORDER**

v.

City of Minneapolis and the Minneapolis
Police Department,

                Defendants.

---

      This matter is before the Court on Plaintiff's October 8, 2008 letter request (attached) to file a Motion for Reconsideration. For the reasons set forth below, Plaintiff's request will be denied.

      In this retaliation case, Plaintiff alleges that the Minneapolis Police Department denied him a transfer to the Minnesota Gang Strike Force due to his complaints of discrimination. In Motion in Limine No. 1, the City of Minneapolis sought *inter alia* to preclude Plaintiff from offering at trial evidence concerning an August 2007 meeting regarding Lieutenant Medaria Arradondo. (See Doc. No. 64 at 2-4.) At that meeting, which was attended by Assistant Chief Sharon Lubinski, Chief of Police Timothy Dolan purportedly stated that Arradondo would not receive a promotion because he had filed a charge of discrimination against the police department. The Court granted the City's Motion concerning this evidence, concluding that it was both irrelevant and unduly prejudicial.

CASE 0:07-cv-02376-RHK-JJK   Document 122   Filed 10/09/08   Page 2 of 3

Pursuant to District of Minnesota Local Rule 7.1(g), Plaintiff now requests leave to file a Motion for Reconsideration of that ruling. Motions for reconsideration are to be granted "only upon a showing of compelling circumstances," D. Minn. L.R. 7.1(g) – namely, to correct "manifest errors of law or fact or to present newly discovered evidence." Mumid v. Abraham Lincoln High Sch., Civ. No. 05-2176, 2008 WL 2938159, at *3 (D. Minn. July 22, 2008) (Schiltz, J.). Plaintiff argues that the Court committed a manifest error of law when it excluded the aforementioned evidence "without explanation as to why." Plaintiff is incorrect. The Court made clear at the hearing that it was excluding the evidence because (1) the meeting occurred nearly two years after the conduct giving rise to Plaintiff's claims, (2) the retaliatory statements allegedly made at the hearing were attributable to Chief Dolan, who was not a decision-maker vis-a-vis Plaintiff, and (3) no retaliatory comments were attributed to Assistant Chief Lubinski (who *was* a decision-maker with respect to Plaintiff). As such, the Court concluded that the evidence was irrelevant under Federal Rule of Evidence 401 and that any probative value the evidence might have would be outweighed by its prejudicial effect under Federal Rule of Evidence 403.

Plaintiff cites Sprint/United Management Co. v. Mendelsohn, __ U.S. __, 128 S. Ct. 1140 (2008), to argue that no *per se* rule exists concerning the admissibility (or lack thereof) of so-called "me too" evidence. While Plaintiff is correct, Mendelsohn is inapposite because the Court did not rule that Plaintiff's "me too" evidence was inadmissible *per se*. Rather, the Court considered the relevance and prejudicial effect of

-2-

the proffered evidence "in the context of the facts and arguments of [this] particular case," id. at 1147, and only then ruled the evidence inadmissible.[1]

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff's letter request for leave to file a Motion for Reconsideration is **DENIED**.

Dated: October 9, 2008

                                              s/Richard H. Kyle
                                              RICHARD H. KYLE
                                              United States District Judge

---

[1] Plaintiff apparently believes that the Court, in granting the City's Motion in Limine, "exclude[d] all evidence of any other alleged act of reprisal against persons other than Plaintiff." But the City's Motion did not sweep that broadly; rather, it sought only to exclude evidence of the August 2007 meeting concerning Arradondo.