## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Giovanni Veliz,

                        Plaintiff,

                                                    Civ. No. 07-2376 (RHK/JJK)
                                                    **ORDER**

v.

City of Minneapolis,

                        Defendant.

---

This matter is before the Court on Plaintiff's Objections (Doc. No. 142) to Defendant's Bill of Costs (Doc. No. 138). For the reasons set forth below, Plaintiff's Objections will be sustained in part and overruled in part.

Plaintiff, a police officer employed by the City of Minneapolis (the "City"), alleged in this action that he was denied a transfer to an "elite" police unit for discriminatory and retaliatory reasons. He asserted claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; and state and City law. After discovery, the City moved for summary judgment, arguing that Plaintiff had failed to adduce sufficient evidence to support his claims. By Order dated July 2, 2008, the Court denied the City's Motion, finding that there existed a genuine issue whether the City's proffered reason for denying the transfer was a pretext for discrimination/retaliation.

The case was then tried to a jury over a four-day period in October 2008. On October 22, 2008, the jury returned a special verdict in the City's favor on Plaintiff's claims. The Court adopted the jury's verdict as its own and entered judgment dismissing the case on October 23, 2008. Plaintiff did not file an appeal.

On February 3, 2009, the City filed a Bill of Costs (Doc. No. 138), seeking to tax $3,594.31 in costs incurred in connection with this case. In particular, the City seeks (1) $2,465.40 for transcripts of the depositions of seven witnesses, including Plaintiff, and (2) $1,128.91 for travel and lodging costs incurred in connection with the deposition of William McManus in San Antonio, Texas. Plaintiff raises several objections to the Bill of Costs, each of which is discussed below.[1]

1.  Timeliness. Plaintiff argues that the entire Bill of Costs should be rejected as untimely. (Objections at 2-3.) But Federal Rule of Civil Procedure 54(d)(1), which governs the taxation of costs, does not contain any deadline for filing a bill of costs. Accordingly, consistent with Rule 1's directive that the Federal Rules be interpreted to secure the just and speedy determination of every action, courts have concluded that a bill of costs must only be filed within a reasonable period of time. See, e.g., Ratcliff v. ABC

---

[1] Under Federal Rule of Civil Procedure 54(d)(1), the Clerk of the Court usually first taxes costs, after which a party may appeal the Clerk's action to the presiding judicial officer. See 10 Wright, Miller & Kane, Federal Practice & Procedure: Civ. 3rd § 2679, at 488 (3rd ed. 1998) ("The function of the court in the process of taxing costs is merely to review the determination of the clerk."). But the Court discerns no principled reason to wait for the Clerk to tax costs here before the undersigned acts on Plaintiff's Objections. See, e.g., Nelson v. Darragh Co., 120 F.R.D. 517, 518 (W.D. Ark. 1988) (Morris Sheppard Arnold, J.) (collecting cases recognizing that district court may act on bill of costs before court clerk).

Television & Appliance Rental, Inc., No. 7:04CV00757, 2006 WL 229153, at *1 (W.D. Va. Jan. 19, 2006); Nelson v. Darragh Co., 120 F.R.D. 517, 519 (W.D. Ark. 1988) (Morris Sheppard Arnold, J.).  The City's delay here – slightly more than two months, from November 24, 2008 (the date the appeal period expired) to February 3, 2009 (the date the bill of costs was filed) – was not unreasonable.  See Ratcliff, 2006 WL 229153, at *1 ("The court finds that ABC's two-month delay was not unreasonable and that allowing ABC to recover costs under Rule 54 would not offend Rule 1.").

        2.     Plaintiff's deposition cost.  Plaintiff next argues that the amount sought for the transcript of his deposition – $1,302.90 – is excessive, claiming that the City unnecessarily "stretch[ed] out" his deposition over eight hours.[2]  But the record belies his contention and indicates that his deposition was no more than five hours long.  (See Fundingsland Aff. (Doc. No. 145) Ex. 1.)  Given the nature of the claims in this case, the Court finds that the time spent on Plaintiff's deposition and the cost thereof are reasonable.  Moreover, Plaintiff was the only witness deposed by the City, undermining his contention that it "engage[d] in excessive litigation to incur expenses knowing [they] may overburden" him.  (Objections at 2.)[3]

---

[2] Generally, the fee for a deposition transcript "necessarily obtained for use in a case" is a taxable cost.  Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762 (8th Cir. 2006).  Plaintiff does not argue that his deposition was unnecessarily taken in this case.

[3] Plaintiff does not object to the remaining deposition-transcript costs.  Accordingly, the City is entitled to recover the entire $2,465.40 it seeks for such costs.  See 28 U.S.C. § 1920(2).

      3.    <u>Travel expenses.</u>  Finally, Plaintiff argues that $1,128.91 in travel and lodging costs incurred in connection with the McManus deposition are not taxable.  This objection is well-founded.

      Generally, the costs that may be awarded under Rule 54 are limited to those provided in 28 U.S.C. § 1920.  <u>See, e.g.</u>, <u>Smith v. Tenet Healthsystem SL, Inc.</u>, 436 F.3d 879, 889 (8th Cir. 2006).  Because attorney travel and lodging costs are absent from Section 1920, such expenses typically "are not recoverable as costs."  <u>Harkins v. Riverboat Servs., Inc.</u>, 286 F. Supp. 2d 976, 983 (N.D. Ill. 2003); <u>accord, e.g.</u>, <u>J.T. Gibbons, Inc. v. Crawford Fitting Co.</u>, 760 F.2d 613, 616 (5th Cir. 1985) ("As a general rule attorneys' fees and travel expenses incurred in connection with deposition taking[] are not usually taxable as costs."); <u>Kemberling v. MetLife Life & Annuity Co. of Conn.</u>, No. 08-cv-1741, 2008 WL 2609402, at *1 & n.1 (M.D. Fla. June 30, 2008).

      Yet, costs beyond those prescribed in Section 1920 may be awarded, in the discretion of the district court, where they enjoy some other statutory authorization.  <u>See, e.g.</u>, <u>Sturgill v. United Parcel Serv., Inc.</u>, 512 F.3d 1024, 1036 (8th Cir. 2008); <u>Smith</u>, 436 F.3d at 889.  The City points to the attorney-fee provision in Title VII, 42 U.S.C. § 2000e-5(k), for such authorization here.  Section 2000e-5(k) provides, in pertinent part, that the prevailing party in a Title VII action may be awarded "a reasonable attorney's fee," and the Eighth Circuit has held that the term "reasonable attorney's fee" includes "reasonable out-of-pocket expenses incurred by [an] attorney which are normally charged to a fee paying client."  <u>Sturgill</u>, 512 F.3d at 1036.  In other words, the attorney-fee

provision in Title VII provides a back door through which a prevailing party may recover costs beyond those enumerated in Section 1920. Nevertheless, the Court concludes that an award of the travel and lodging costs sought here would be inappropriate for two reasons.

First, a necessary prerequisite to the recovery of such costs is an award of attorneys' fees. See id. (costs beyond those in Section 1920 may be taxed under Section 2000e-5(k) only as part of a "reasonable attorney's fee"). But no fee award has been made in this case – indeed, the City has not sought such an award, and the time for doing so under the Court's Local Rules has long passed. Nor would the Court have awarded fees to the City if such a request had been timely made. Absent some other basis such as Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927 (neither of which the City relies on here), fees may be awarded to a prevailing Title VII defendant only when the plaintiff's claim was "frivolous, unreasonable, or groundless, or [where] the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978); accord EEOC v. Trans States Airlines, Inc., 462 F.3d 987, 996 (8th Cir. 2006). In the Court's view, the claims here were neither frivolous, unreasonable, nor groundless, because Plaintiff had "colorable argument[s] in support" thereof – indeed, Plaintiff proffered sufficient evidence to survive the City's summary-

judgment motion.  Id.  Because no fee award is proper, Plaintiff cannot recover expenses beyond those in Section 1920 as part of a "reasonable attorney's fee."[4]

Second, even if costs outside those enumerated in Section 1920 were recoverable, the Court would decline to award them here.  While Section 2000e-5(k) permits the taxation of such costs, that statute does not constrain the Court's broad discretion in deciding whether an award of costs is warranted under the circumstances.  See, e.g., Kline v. City of Kansas City, Mo. Fire Dep't, 245 F.3d 707, 709 (8th Cir. 2001) (noting that cost awards under Section 2000e-5(k) remain discretionary with the district court); Boyd v. Ozark Air Lines, Inc., 568 F.2d 50, 55 (8th Cir. 1977) (same).  Given the evidentiary basis for Plaintiff's claims and the potential chilling effect an award of travel and lodging costs might have on future plaintiffs, the Court believes that it would be inappropriate to tax such costs here.  Further, there is no evidence that Plaintiff litigated this case in bad faith or in a vexatious or obstreperous manner.  And, the Court notes that Plaintiff is an individual of modest means, while the City is the largest municipality in the state of Minnesota.  "[W]here the antagonists are very unevenly matched in size, resources, and stability, it would be unfortunate to use the possible taxation of costs as a sword of Damocles."  Boas Box Co. v. Proper Folding Box Corp., 55 F.R.D. 79, 81 (E.D.N.Y.

---

[4] Notably, each case cited by the City, including the Eighth Circuit's decision in Sturgill, permitted the recovery of costs beyond those in Section 1920 only after attorneys' fees had already been awarded.

1971).  For these reasons, the Court will not tax the $1,128.91 in travel and lodging costs sought by the City.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff's Objections (Doc. No. 142) to Defendant's Bill of Costs are **SUSTAINED IN PART** and **OVERRULED IN PART**.  It is further **ORDERED** that the Clerk of the Court shall tax costs against Plaintiff in the amount of $2,465.40.


Dated: February 25, 2009                         s/Richard H. Kyle
                                                 RICHARD H. KYLE
                                                 United States District Judge